# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. L. M. HOWARD, Minor.

UNPUBLISHED
June 21, 2018

No. 342074
Wayne Circuit Court
Family Division
LC No. 16-523036-NA

Before: BECKERING, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

Petitioner, the Department of Health and Human Services (DHHS), filed a petition seeking removal of the child from respondent's care and requesting the court take temporary jurisdiction over the child. At the adjudication trial, a police officer testified that as part of a sting operation, he met respondent at a hotel and that she agreed to have sex in exchange for money. There was testimony that the child was in a car outside the hotel at that time. In addition, a foster care specialist testified respondent told her that as of September 8, 2016, she was still "prostituting" with regular customers and was smoking marijuana. The trial court took jurisdiction over the child at the conclusion of the adjudication trial.[1] Respondent was provided with a case services plan that included parenting time, parenting classes, substance abuse counseling, drug screens, a psychological evaluation, and a psychiatric evaluation. However, she was not compliant. The record reflects that she missed numerous parenting time visits, missed 49 out of 50 drugs screens, and she tested positive for marijuana the one time she participated in a drug screen. In addition, when she finally completed the psychological and psychiatric evaluations and was referred to mental health services, she did not follow through and seek care for her mental health issues. Despite three referrals, respondent also failed to complete parenting classes. And, although she began substance abuse counseling, she did not complete it. There was also testimony that respondent lacked legal income and that it was unclear whether she had

---

[1] Respondent does not challenge the court's decision to take jurisdiction over the child.

-1-

suitable housing. DHHS eventually moved for termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). Following a termination hearing, the court found that grounds for termination of respondent's parental rights existed and that termination was in the child's best interests.

## II. CONSTITUTIONAL RIGHT TO PARENT

### A. STANDARD OF REVIEW

Respondent argues that the trial court erred in terminating her parental rights because she has a constitutional right to parent her child. Generally, we review de novo whether a trial court violated the constitutional rights of a parent. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). However, when unpreserved we review such claims for plain error affecting the parent's substantial rights. *Id*.

### B. ANALYSIS

Respondent correctly notes that parents have a fundamental right to the care, custody, and control of their child. See *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014). However, "[a] parent's right to control the custody and care of her children is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor' and in some circumstances 'neglectful parents may be separated from their children.' " *Id*. at 409-410, quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). "[T]he liberty interest of the parent no longer includes the right to custody and control of the children" if a statutory ground for termination has been proven by clear and convincing evidence. *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). At that point, a "parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection." *Id*. at 356. Stated differently, a parent's constitutional right to parent his or her child is not violated if the trial court correctly finds by clear and convincing evidence that there was a statutory ground for termination. Here, respondent does not argue that the trial court erred by finding statutory grounds to terminate her parental rights, so that issue is abandoned. *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008). Consequently, respondent's argument regarding the deprivation of her constitutional right to parent also fails because her liberty interest no longer included the right to custody and control of the child after the trial court found statutory grounds to terminate her parental rights. *In re Trejo*, 462 Mich at 355-356.

Affirmed.

/s/ Jane M. Beckering
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

-2-